UNITED STATES v. HARRIS et al.

(Circuit Court of Appeals, Third Circuit.	March 14, 1898.)

CARRIAGE OF LIVE STOCK—FAILURE TO UNLOAD—LIABILITY OF RECEIVER.

Under Rev. St. §§ 4386–4389, relating to the shipment of live stock, and imposing a penalty upon "any company, owner, or custodian of such animals," for keeping them in cars more than 28 consecutive hours without unloading, the receiver of a railroad company, appointed by and acting under the orders of a federal court, is not liable to such penalty.

In Error to the District Court of the United States for the Eastern District of Pennsylvania.

This was an action at law by the United States against Joseph S. Harris, Edward M. Paxson, and John Lowber Welsh, as receivers of the Philadelphia & Reading Railroad Company, to recover the penalty prescribed by Rev. St. § 4388, for keeping stock in cars for an excessive time without unloading. The judgment below was for defendants, and the United States sued out this writ of error.

James M. Beck, for the United States.

John G. Lamb, for defendants in error.

Before ACHESON and DALLAS, Circuit Judges, and KIRKPATRICK, District Judge.

ACHESON, Circuit Judge.	The question here is whether the receivers of the Philadelphia & Reading Railroad Company, appointed by and acting under the orders of the circuit court of the United States for the Eastern district of Pennsylvania, are liable, under sections 4386–4389 of the Revised Statutes of the United States, to the penalty imposed by section 4388 for keeping horses in cars more than 28 consecutive hours without unloading. The persons designated in section 4388, and made liable to the penalty, are "any company, owner or custodian of such animals." The district court held that this language does not embrace receivers, who are simply the court's officers appointed to execute its orders; that the Philadelphia & Reading Railroad was in the custody of the court, and was controlled and managed by it through these officers; and that the statute, being penal, was not to be extended by construction so as to take in receivers. We cannot doubt the soundness of these views, and, accordingly, we affirm the judgment of the district court.

It is proper that we should here state that, shortly after the case was argued, this court (all the judges concurring) reached the conclusion above expressed; but, owing to a misunderstanding among the judges as to the assignment of the case, the announcement of the decision has been delayed. The judgment of the district court is affirmed.